**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MARHA STOVER

*Plaintiff*

v. Civil Action No.

UNITED STATES OF AMERICA,

*Defendant*

**COMPLAINT**

NOW COMES the Plaintiff, MARHA STOVER, by and through her attorneys, Garmey Law, and complains against the Defendant, the United States of America, as follows:

**NATURE OF THE CASE**

1. This motor vehicle–bicycle collision action arises against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

2. This action alleges negligence by an employee of the United States Postal Service (“USPS”) who was acting within the course and scope of his federal employment at the time of the collision.

3. On June 27, 2024, the USPS employee was operating a mail vehicle southbound on Atlantic Highway in Warren, Maine. Plaintiff was riding her bicycle southbound behind the mail vehicle.

4. As Plaintiff approached the intersection of Atlantic Highway and Camden Road, the USPS employee began turning right onto Camden Road. The employee then stopped the mail

vehicle in Plaintiff's path of travel, causing Plaintiff and her bicycle to collide with the vehicle's passenger-side mirror.

5. The force of the collision threw Plaintiff from her bicycle and caused her to sustain serious physical injuries, including a fractured collarbone.

6. Defendant, through its employee, owed Plaintiff a duty to operate the mail vehicle with reasonable care and in accordance with Maine's motor vehicle laws.

7. Defendant breached that duty by, among other things, failing to maintain a proper lookout, failing to yield the right-of-way, initiating a right turn when it was unsafe to do so, and failing to operate the mail vehicle with reasonable care under the circumstances.

8. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and painful injuries, including a fractured collarbone; incurred and will continue to incur medical expenses; experienced and will continue to experience pain, suffering, emotional distress, and loss of enjoyment of life; and sustained lost wages, diminished earning capacity, permanent impairment, and other economic and noneconomic damages.

## **PARTIES**

9. Plaintiff Marha Stover is a resident of the Town of Warren, in the County of Knox, and State of Maine.

10. The United States of America is the proper defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, because the driver of the mail vehicle was an employee of the United States Postal Service acting within the course and scope of his federal employment at the time of the collision.

## **JURISDICTION AND VENUE**

11. This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* This Court has jurisdiction of this matter under 28 U.S.C. § 1336.

12. Plaintiff's counsel timely submitted a Notice of Claim to the USPS National Tort Center ("USPS"), which received the claim on or about February 4, 2026. USPS failed to make a final disposition of the claim within six months. Accordingly, as of August 4, 2026, Plaintiff elected to deem the claim finally denied pursuant to 28 U.S.C. § 2675(a)..

13. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in Warren, which is within this judicial district.

14. Pursuant to Local Rule 3(b), this action has been properly filed in Portland because the events giving rise to this claim occurred in Knox County.

**FACTS**

15. At all relevant times, Defendant acted through its employee, Jeffrey Curtis, who was operating a United States Postal Service ("USPS") mail vehicle within the course and scope of his federal employment.

16. On June 27, 2024, at approximately 3:13 p.m., Plaintiff was riding an electric bicycle southbound on Atlantic Highway in Warren, Maine.

17. At the same time and place, Defendant's employee was operating a USPS mail vehicle southbound on Atlantic Highway ahead of Plaintiff.

18. The weather was cloudy, it was daylight, and the roadway was dry.

19. As the USPS employee approached the intersection of Atlantic Highway and Camden Road, he began turning the mail vehicle right onto Camden Road.

20. While executing the right turn, the USPS employee failed to maintain a proper lookout for Plaintiff and failed to ensure that the turn could be completed safely.

21. Maine has adopted 29-A M.R.S.A. § 1-A (2022), that was in effect at the time of the collision ,"a person operating a motor vehicle near a person operating a bicycle or roller skis and proceeding in the same direction may not make a right turn unless the turn can be made with reasonable safety and without interfering with the safe and legal operation of the bicycle or roller skis.

22. A collision occurred between Plaintiff and the passenger side and mirror of the USPS mail vehicle, throwing Plaintiff from her bicycle and onto the roadway.

23. Emergency medical personnel responded to the scene. Plaintiff reported pain in her right shoulder and clavicle, lower back, and tailbone, as well as tingling in her right thumb. She also sustained an abrasion to her left hip.

24. Plaintiff was transported by ambulance to the Miles Memorial Hospital Emergency Department for evaluation and treatment.

25. Diagnostic imaging revealed a displaced midshaft fracture of Plaintiff's right clavicle with a surrounding hematoma and a minimally displaced fracture of the S3 sacrum.

26. Plaintiff was initially treated with pain medication and a sling and was instructed to obtain orthopedic follow-up care.

27. On July 8, 2024, Plaintiff was evaluated by MaineHealth Orthopedics. Because of the displacement of the clavicle fracture, Plaintiff subsequently elected to undergo surgical repair.

28. On July 12, 2024, Plaintiff underwent open reduction and internal fixation of the displaced right clavicle fracture.

29. During surgery, the fracture was found to be markedly displaced and relatively transverse, with early fracture healing and a large hematoma.

30. The surgeon evacuated the hematoma, restored the fracture to anatomic alignment, and stabilized it with dual plates and screws.

31. Plaintiff subsequently required postoperative care, activity restrictions, and assistance with activities of daily living while recovering from the collision and surgery.

32. As of October 2025, Plaintiff continued to experience pain in her right clavicle and shoulder, particularly during cold weather.

33. Defendant owed Plaintiff a duty to operate its vehicle with reasonable care..

34. Defendant, through its employee, breached those duties by, among other things, failing to maintain a proper lookout, failing to yield to Plaintiff, beginning or continuing a right turn when it was unsafe to do so, and otherwise failing to operate the mail vehicle with reasonable care.

35. Defendant, through its employee's negligence directly and proximately caused the collision and Plaintiff's resulting injuries.

36. As a direct and proximate result of the collision, Plaintiff sustained serious and painful bodily injuries, including a displaced right clavicle fracture requiring surgical repair and a sacral fracture; incurred medical expenses; experienced pain, suffering, emotional distress, and loss of enjoyment of life; lost wages and employment capacity; and sustained other economic and noneconomic damages.

## COUNT I
## (NEGLIGENCE)

37. Plaintiff Marha Stover repeats and realleges the above allegations as if set forth herein in full.

38. Defendant owed Plaintiff a duty to operate its vehicle with reasonable care.

39. Defendant breached that duty to Plaintiff through the actions of its employee by failing to maintain a proper lookout, failing to yield the right-of-way, beginning or continuing a right turn when it was unsafe to do so, violating 29-A M.R.S.A. § 1-A, and otherwise failing to operate the vehicle with reasonable care under the circumstances.

40. As a direct and proximate result of Defendant's employee's negligence, Plaintiff sustained serious and painful injuries, including a displaced right clavicle fracture requiring surgical repair and a sacral fracture. Plaintiff also incurred medical expenses, lost wages and earning capacity, pain and suffering, emotional distress, loss of enjoyment of life, impairment, and other economic and noneconomic damages.

41. The United States of America is legally responsible for the negligence of its USPS employee because he was acting within the course and scope of his federal employment at the time of the collision.

WHEREFORE, Plaintiff Marha Stover requests that judgment be entered in his favor against the Defendant for damages which this Court deems reasonable, together with interest and costs.

DATED at Portland, Maine this 24th day of August, 2026.

Attorneys for Plaintiff,

*/s/ Christopher Harmon*

______________________________

Christopher A. Harmon, Esq. Bar # 5432
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
charmon@garmeylaw.com
207-899-4644